494    APPELLATE COURTS OF ILLINOIS.

VOL. 34.]    City of East St. Louis v. Village of New Brighton.

## CITY OF EAST ST. LOUIS
### v.
## VILLAGE OF NEW BRIGHTON ET AL.

*Municipal Corporations—Usurpation of Jurisdiction by, over Territory Belonging to Adjacent Municipality—Injunction—Demurrer—Quo Warranto.*

An injunction is a proper remedy by one municipality against an adjacent municipality which has wrongfully assumed municipal jurisdiction over territory within the limits of the complainant.

[Opinion filed February 4, 1890.]

APPEAL from the City Court of East St. Louis; the Hon. BENJ. H. CAULEY, Judge, presiding.

Mr. E. R. DAVIS, for appellant.

Mr. JESSE M. FREELS, for appellees.

GREEN, J.  A demurrer to complainant's bill for injunction was sustained, the bill was dismissed and it took this appeal.

The only question we are called upon to determine is, was the demurrer properly sustained?  The bill alleges that complainant is a municipal corporation existing under the laws of this State, and describes specifically the boundaries of the city.  The defendants, Village of New Brighton and its municipal officers, are charged with exercising unlawfully the functions and powers of a municipal corporation in this territory, outside of their jurisdiction and within said city boundaries, by grading streets, building sidewalks, levying taxes, collecting licenses, etc., and it is alleged they threaten to continue so to do.

The truth of these allegations is admitted by the demurrer; the unlawful acts charged are admitted to have been done within the corporate limits of said city and the City Court

had jurisdiction to entertain the bill and enjoin defendants. *Quo warranto* is not the proper remedy in a case like this, but a court of chancery will afford the proper and complete relief by injunction to prevent the unlawful invasion of appellant's territory.    People ex rel. v. Whitcomb et al., 55 Ill. 172.

The disputed questions of fact sought to be raised by appellees in their brief, can not be inquired into upon demurrer, but in order to try such questions an answer must be interposed.    We conclude, then, the City Court had jurisdiction to entertain the bill; that the allegations thereof made a case entitling complainant to the injunction prayed for, and the City Court erred in sustaining the demurrer and dismissing the bill.    The decree of the court below is reversed and the cause remanded.

*Reversed and remanded.*